UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-8751-KK** | Date: | June 2, 2020 |

| | |
|---|---|
| Title: | *Rashida L.[1] v. Andrew Saul, Commissioner of Social Security* |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **(In Chambers) Order to Show Cause Why Action Should Not Be Dismissed For Failure to Prosecute and Comply With Court Orders**

**I.**
**BACKGROUND**

On October 11, 2019, Plaintiff Rashida L. ("Plaintiff") filed a Complaint challenging the denial of her application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income by the Commissioner of the Social Security Administration ("Defendant").  ECF Docket No. ("Dkt.") 1.

On October 11, 2019, the Court issued a Case Management Order ("CMO") setting forth various dates, including the date by which Plaintiff was required to serve her portion of a Joint Stipulation on Defendant and the date by which the parties were to file a Joint Stipulation with the Court.  Dkt. 9.

On February 27, 2020, Defendant filed an Answer to the Complaint and lodged a copy of the Certified Administrative Record with the Court.  Dkts. 13, 14.  Accordingly, Plaintiff was required to serve her portion of the Joint Stipulation on Defendant no later than April 2, 2020, and the Joint Stipulation was due to be filed with the Court on or before May 28, 2020.  See Dkt. 9.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

As of the date of this Order, a Joint Stipulation has not been filed and the parties have not requested an additional extension of time to do so.

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action with prejudice for failure to prosecute or failure to comply with any court order.  <u>See</u> Fed. R. Civ. P. 41(b).

Here, Plaintiff has failed to file the Joint Stipulation as ordered by the Court on October 11, 2019.  Consequently, under Rule 41(b), the Court may properly dismiss the instant action with prejudice for failure to prosecute and comply with a court order.  Before dismissing this action, however, the Court will afford Plaintiff an opportunity to explain the failure and immediately file the Joint Stipulation with the Court.

## III.
## ORDER

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with court orders.  Plaintiff shall have up to and including **June 15, 2020**, to respond to this Order.  **Plaintiff is cautioned that failure to timely file a response to this Order will be deemed consent to the dismissal of this action without prejudice.**

**IT IS SO ORDERED.**